```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                        EASTERN DISTRICT OF VIRGINIA

                            Alexandria Division

RUBY LILLY,                     )
                                )
         Plaintiff,             )
                                )
         v.                     )            1:05cv879(JCC)
                                )
DONALD C. WINTER,               )
Secretary,                      )
Department of the Navy,         )
                                )
         Defendant.             )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure as well as Defendant's alternative Motion for a more definite statement. For the following reasons, the Court will grant Defendant's Motion to dismiss.

### I.  Background

On July 29, 2005, Plaintiff Ruby Lilly, a former civilian employee of the United States Department of the Navy, filed a two-count complaint against Donald C. Winter[1] in his official capacity as the Secretary of the Navy, alleging employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and Title VII of the

---

[1] Plaintiff originally sued Gordon R. England, the former Secretary of the Navy. The named defendant is the current agency head and has been substituted for England pursuant to Federal Rule of Civil Procedure 25(d)(1).

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  On December 1, 2005, Plaintiff hand-delivered three summonses and a complaint to the United States Attorney's Office for the Eastern District of Virginia.  The three summonses were addressed to: 1) Paul McNulty, United States Attorney for the Eastern District of Virginia; 2) Alberto Gonzales, Attorney General of the United States; and 3) Gordon R. England, Secretary of the Navy.

Plaintiff's service of process occurred 125 days after the complaint was filed.  Based on this fact, and on the manner in which service was effected, the government has moved for dismissal pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.  This Motion is currently before the Court.

## II.  Standard of Review

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), a claim may be dismissed for insufficiency of process or insufficiency of service of process.  Service on an officer or employee of the United States sued in an official capacity must be effected by, *inter alia*, sending a copy of the summons and complaint by registered or certified mail to the officer or employee.  Fed. R. Civ. P. 4(i)(2)(A).  Rule 4 also details the time in which service is to be effected:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss

>    the action without prejudice as to that defendant or
>    direct that service be effected within a specified time
>    . . . .

Fed. R. Civ. P. 4(m).  Where a plaintiff shows good cause for the failure to serve process in a timely fashion, "the court shall extend the time for service for an appropriate period."  *Id.*

### III.  Analysis

Because Plaintiff filed her complaint on July 29, 2005, Rule 4(m) required her to effect service of process by November 28, 2005.[2]  Plaintiff hand-delivered three summonses and a complaint to the United States Attorney's Office for the Eastern District of Virginia on December 1, 2005.  In response to the government's Motion to dismiss, Plaintiff argues that she had good cause for the untimely service.  According to Plaintiff, a private process server who had been reliable in the past was tasked with the duty of serving the named defendants in the instant civil action.  An affidavit from this process server reveals that he received the complaint on November 22, 2005.  The process server states that he did not complete service until December 1, 2005, "due to the Thanksgiving holiday."  (Pl.'s Mem. Ex. 1.)

It is well-settled that "in order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent

---

[2] November 26, 2005 was 120 days after July 29, 2005.  Because November 26, 2005 was a Saturday, however, Plaintiff had until November 28, 2005 to effect service.  *See* Fed. R. Civ. P. 6(a).

efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999). Inadvertence does not amount to "good cause" under Rule 4(m). *See United States ex rel. Shaw Env't, Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005). In this case, Plaintiff's asserted "good cause" is nothing more than inadvertence or basic neglect. Plaintiff does not suggest why the Thanksgiving holiday prevented the service of process until December 1, 2005. The federal government was closed for Thanksgiving on November 24, 2005. According to the statement of Plaintiff's process server, he received the complaint two days earlier. There is absolutely no indication why Plaintiff's agent failed to effect service of process during the two days before Thanksgiving, on the Friday after Thanksgiving, or on the following Monday, the day on which service of process was actually due. Because Plaintiff has not shown good cause, the Court is not required to extend the time for service pursuant to Rule 4(m).

The Court recognizes that there is some question within the Fourth Circuit as to whether Rule 4(m) grants courts the discretion to extend the time period for service in the absence of good cause. In *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), the Fourth Circuit stated that dismissal of an action is required in the absence of good cause for a failure to timely serve process. *Id.* at 78. On the other hand, dictum in a subsequent

Supreme Court decision clearly militates in favor of a contrary conclusion.  *See Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[C]ourts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4).  Several district court decisions have since relied on the *Henderson* dictum to question the continued validity of *Mendez*.  *See, e.g.*, *Hammad*, 31 F. Supp. 2d at 526-28.

The Court needs not wade into these murky waters, however.  Even if the Court possessed the discretion to extend the time period for service of process in the absence of good cause, Plaintiff has given the Court no reason to exercise such discretion.  The mere fact that Plaintiff's action may now be time-barred is not persuasive.  *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("We conclude that while the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m), it is not a factor that standing alone supports a finding of prejudice to the defendant."); *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990) ("Rule 4(j) [now Rule 4(m)] dismissal is not unwarranted simply because the limitations period has run.").  Accordingly, the Court will not extend the time period for service of process and will dismiss this action pursuant to Rule 4(m).

Furthermore, Federal Rule of Civil Procedure 4(i)(2)(A) required Plaintiff to serve process on the Secretary of the Navy. The United States Attorney's Office is not authorized to accept service of process on behalf of the Secretary of the Navy. *See* 32 C.F.R. § 257.5(c). Thus, dismissal is also appropriate in light of this deficiency.

## IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 4(m), this action will be dismissed without prejudice. In light of this disposition, it is unnecessary for the Court to reach Defendant's Motion for a more definite statement.


March 3, 2006                            _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                         UNITED STATES DISTRICT COURT JUDGE